White, C. J.
The plaintiffs in error can not avail themselves of the statute of limitations as a defense.
They rely on the decision in Hill v. Henry, 17 Ohio, 1, as entitling them to the benefit of the statute. It was held, in that case, that a promissory note for money, payable on demand, is due on delivery.
Upon the question whether the statute of limitation began to run from the delivery of the note, the court say: “ Upon this point, we are aware that there have been contradictory decisions, but, in our opinion, a right of action exists in the payee of such note, upon its delivery, and that from the time of the delivery the statute of limitations commences to run.”
The principle ruled in that case was subsequently followed in Darling v. Wooster, 9 Ohio St. 517, where it was held that a due-bill became payable on delivery, and bore interest from that time; though it was conceded that the weight of authority, both in England and in this country, favored the rule that such note will bear interest only from the time of demand made, or of suit brought.
But, without questioning the authority of these cases, we think the rule applicable to promissory notes given in the ordinary course of business by a debtor to a creditor, can not be properly applied to a case like the one before us.
The plaintiffs in error, and their associates, became incorporated for the purpose of carrying on the business of life insurance. The only means of the company for doing business, consisted of its stock subscriptions. In payment, or to secure the payment of these subscriptions, the subscribers executed their non-negotiable notes to the company, payable on demand. These notes must be construed in connection with the nature of the business of the corporation, and in view of the object intended by the parties in giving the notes. The notes represent the fund intended ultimately for the payment of debts, if they should be required for *309 such purpose. To hold that the statute of limitations began to run from the time of the execution of the notes, would defeat the purpose intended, and work a fraud, not only on the policy-holders, but on such of the stockholders as might see fit to pay the cash in discharge of their liability.
Upon such view of the liability of the subscribers, upon the notes, if the business of the company should be sufficiently prosperous to enable it to meet its current liabilities from its current income, during the period required for the statutory bar, the company would, after that time, be destitute of the means to pay policies which might subsequently mature; and in regard to policies maturing before the bar was complete, if payment could be postponed until that time, payment of such policies would be defeated. At least the .ability of the company to pay them would depend upon whether the subscribers chose to plead the statute.
That such was not the intention of the parties is very clear; and if it had been, that it would have been a fraud upon creditors, and could not have been carried out, is equally clear. Sawyer v. Hoag, 17 Wall. 620.
The notes were intended to be payable on the call of the ■directors. We see no good reason why such intention ■should not have effect. The statute of limitation is no more available as a defense against the collection of the notes than it would have been against the collection of the ■.subscriptions.
This was the view taken of the nature of the liability arising ou the notes by the directors in the assessments which they did make, and we see no reason to doubt its ■correctness.
We do not say that, the directors might not call for payment- of part of the notes without calling for the payment ■of all of them. Special reasons might arise why this should be done. But in the absence of a call or demand for payment by the directors, we think a suit by the company on the notes would have been contrary to the intention of the parties. Leave refused.